IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number |
| | ) | 1:11-CR-373-CAP-ECS |
| CARL SKOW | ) | |
| | ) | |
| Defendant. | ) | |

## **PRELIMINARY MOTION TO SUPPRESS**

Defendant, Carl Skow, moves to suppress the fruits of two searches that were executed by federal agents in July, 2011. The defense has been supplied with copies of the search warrants in the discovery, but the defense has not been furnished a "return" or inventory of what was seized as a result of either search warrant. The defense has been told that there was child pornography on the computer and the government has made that evidence available under controlled circumstances; however the defense does not know what other information was obtained from the computer, or the search of the house. Therefore, the defense moves to suppress the fruits of the search warrant searches on the following grounds:

1. There was insufficient probable cause to search any computers at the home of Carl Skow, with the exception of the search for emails (which the

government already possessed). Any further search was beyond the scope of the probable cause that existed. *See United Sates v. Otero*, 563 F.3d 1127 (10th Cir. 2009); *United States v. Falso*, 544 F.3d 110 (2d Cir. 2008); *United States v. Hodson*, 543 F.3d 286 (6th Cir. 2008)

2. The search warrant for Google, to the extent that it sought anything beyond the emails that are recited the application (i.e., the communications between the undercover agent and Carl Skow, was not predicated on probable cause. *See United States v. Warshak*, 631 F.3d 266 (6th Cir. 2010) (requiring probable cause and search warrant to obtain information from service provider)

3. The execution of the search warrant on the computers exceeded what was permitted by the search warrant. *See generally United States c. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162 (9th Cir. 2010) (explaining the proper method of executing a search warrant on a computer); *United States v. Carey*, 172 F.3d 1268 (10th Cir. 1999); *United States v. Zimmerman*, 277 F.3d 426 (3rd Cir. 2002).

As soon as the government and the defense comply with their respective discovery obligations, the defense will further particularize this motion.

Respectfully submitted,

s/ *Jana Lauren Harris*
_____
JANA LAUREN HARRIS
Georgia Bar No. 330275
Attorney for Defendant

GARLAND, SAMUEL & LOEB, P.C.
3151 Maple Drive, N.E.
Atlanta, GA  30305
Phone: 404-262-2225
Fax:  404-365-5041
jlh@gsllaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number |
| | ) | 1:11-CR-373-CAP-ECS |
| CARL SKOW | ) | |
| | ) | |
| Defendant. | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date served the within and foregoing **Preliminary Motion to Suppress** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

This the 1st day of September, 2011.

s/ *Jana Lauren Harris*
_____
JANA LAUREN HARRIS
Georgia Bar No. 330275
Attorney for Defendant

GARLAND, SAMUEL & LOEB, P.C.
3151 Maple Drive, N.E.
Atlanta, GA  30305
Phone: 404-262-2225
Fax:  404-365-5041
jlh@gsllaw.com

4