UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITES STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. |
| | ) | |
| v. | ) | 1:11-CR-373-CAP-ECS |
| | ) | |
| CARL SKOW, | ) | |
| | ) | |
| Defendant. | ) | |

**SUPPLEMENTAL MOTION TO SUPPRESS**

In support of the previously filed motion to suppress, Defendant Carl Skow shows as follows:

1. <u>The Search Warrant Application Failed to Provide a Probable Cause Basis to Search any Computer At Skow's Home for Anything Other than Emails.</u>

As Defendant's initial preliminary motion to suppress argued, the search warrant application that was provided to the Magistrate did not provide a probable cause basis for search the various digital media that were found at Skow's home for anything other than emails. In particular, though the application expressly requested that a warrant be issued to search for evidence of child pornography, the application provided no information that would support permission to conduct such a search.

1

The information known to the affiant and provided to the Magistrate related to Skow's apparent interest in employing a young woman at his home for legitimate and also illicit sexual purposes. There was no information known to the affiant – not even a hint – that Skow possessed, or ever viewed, any child pornography. The affiant relied, instead, on the *ipse dixit* argument that child molesters often have child pornography in their possession, and because there is probable cause to believe that Skow was interested in committing child molestation in the future (there was no evidence that he had ever committed this offense in the past), that information, *alone*, provided a probable cause basis to believe that there was child pornography currently located on Skow's computers at home (Search Warrant Affidavit paragraphs 6(a) – 6(e); Bates Stamp 86-88).

The Fourth Amendment probable cause requirement has two basic components that must exist as a prerequisite for the issuance of a search warrant: (1) information that establishes that a crime has been (or is about to be) committed; *and* (2) information that establishes that evidence relating to that crime is likely to be found in the location that the affiant seeks to search.

The search warrant in this case provides *no* information that would lead a neutral and detached magistrate to believe that the crime of possession or receipt of child pornography had ever been committed by Skow. Nor was there any information (i.e. facts) to support the inference – to say nothing of information

rising to the level of probable cause – to believe that child pornography would be found on Skow's computer, or other digital media. Because there was no probable cause basis for searching the computers for child pornography, and no reasonable officer executing a warrant would believe that probable cause for such a search existed, the evidence derived from this search must be suppressed.

    Numerous cases from jurisdictions around the country have condemned the efforts of law enforcement to seize computers and search them "wall-to-wall" based on information that a crime has been committed. Several of these cases have focused precisely on the issue presented in this case: does information that a defendant has committed child molestation automatically authorize the police to search for evidence of child pornography on any computer the defendant happens to possess. The most recent case is from the Third Circuit: *United States v. John*, --- F. 3d ---, 2011 WL 3559933 (August 15, 2011). The facts in *John* are indistinguishable from the facts in this case insofar as the holding dictates that proof that the defendant is a child molester is not proof – or even probable cause – that the defendant possesses child pornography on a computer. In *John*, the defendant, a school teacher, was reported to have molested several of his students. The students themselves reported having been abused to the authorities and also explained that the defendant possessed notebooks in which he apparently recorded his activities. The police obtained a search warrant which authorized the police to

3

search for the notebooks *and* any computers found at the defendant's house that might contain evidence of a crime. The police executed the search warrant and found evidence on the computers in addition to the notebooks. The trial court suppressed the evidence and the Third Circuit affirmed, not only holding that the warrant was defective, because there was no probable cause that there was any pornography on the computer, but also held that the good faith exception to the warrant requirement, as explained in *United States v. Leon*, 468 U.S. 897 (1984), *Herring v. United States*, 129 S. Ct. 695 (2009), and *Davis v. United States*, 131 S. Ct. 2419 (2011), did not over-ride the exclusionary rule.

> The Virgin Islands Supreme Court was correct in describing the affidavit as "wholly lacking in probable cause," because "[e]ven a cursory reading of Officer Joseph's affidavit reveals that there is not a single assertion that John was in any way associated with child pornography." 52 V.I. at 263, 262. To be sure, the affidavit provides reason to believe that John had committed sex crimes against his students on school property, and that he kept two particular pieces of evidence of those crimes in his home. But those allegations are not sufficient to establish—or even to hint at—probable cause as to the wholly separate crime of possessing child pornography.

*Virgin Islands v. John*, 09-4185, 2011 WL 3559933 (3d Cir. Aug. 15, 2011). The other cases cited in Skow's initial Motion to Suppress fortify the decision in *John*.

In *United States v. Zimmerman*, 277 F.3d 426 (3rd Cir. 2002), the defendant was a school teacher. As in *John*, the defendant was believed to have committed acts of child molestation. In fact, there was evidence that at some time in the past,

he had also possessed pornography. The information relating to the prior pornography possession, however, was determined to be too stale to support the issuance of a search warrant. Instead, the affiant relied on the fresh information relating to child molestation and then provided a boilerplate recitation that child molesters are likely to possess child pornography on their computers: therefore a search warrant to search for child pornography was sought.

The Third Circuit decision had three holdings of significance that apply in this case: (1) the fact that there was probable cause to believe the defendant was a child molester – even recently – did not provide a probable cause basis for believing that he then possessed child pornography on his computer; (2) the boilerplate "expert" statement by the affiant that molesters *do* frequently possess child pornography was afforded very little weight in evaluating whether there was probable cause to search for child pornography on his computer; (3) the warrant was so defective in this regard that even the *Leon* good faith exception to the exclusionary rule did not apply. The decision in *Zimmerman* is equally applicable in this case:

> It bears mention that Sergeant O'Connor crafted the affidavit to portray Zimmerman in the worst possible light. In that single-spaced, seven-page affidavit, O'Connor described in great detail the sexual misdeeds that Zimmerman allegedly committed against his students but which had nothing to do with whether there was pornography in his home. It is not until the next to the last line of the fifth page of the affidavit, however, that O'Connor even mentioned pornography, much less anything that might provide probable cause to search for pornography in Zimmerman's home, and that

5

mention—the John Doe # 12 reference—was fleeting. Any "reasonably well-trained officer" would have known that there was marginal evidence at best of adult pornography, evidence which was anything but current, and no evidence whatsoever to support a search for child pornography. Perhaps this is why the affidavit is loaded with lurid—and irrelevant-accusations.

*United States v. Zimmerman,* 277 F.3d 426, 437 (3d Cir. 2002).

The government's reliance on the "boilerplate" conclusion that molesters generally possess child pornography and possess it on their computers in their homes was condemned in the strongest terms by the Third Circuit:

> Because it is undisputed that there was no probable cause to search for child pornography, we need not determine what weight, if any, to accord Clinton's statement. We note, however, that there is nothing in that statement indicating that Clinton knew anything about Zimmerman or what the investigation had disclosed. It is well-established that an expert opinion must be tailored to the specific facts of the case to have any value. *See, e.g.*, *Weber,* 923 F.2d at 1345. "Rambling boilerplate recitations designed to meet all law enforcement needs" do not produce probable cause. *Id.* In *Loy*, we stated that "experience and expertise, without more, is insufficient to establish probable cause." 191 F.3d at 366. In that case, the very same Postal Inspector Clinton provided a similar statement regarding the proclivities of persons who are sexually interested in children. We found that "Inspector Clinton's conclusory statement that people who collect child pornography commonly keep it in their homes is insufficient ... to establish the sufficient nexus between the contraband and [the defendant's] residence." *Id.* at 366–67. Were we required to decide the issue, we would most likely find that Clinton's boilerplate statement "may have added fat to the affidavit, but certainly no muscle." *Weber,* 923 F.2d at 1346.

*United States v. Zimmerman*, 277 F.3d 426, 433, n.4 (3d Cir. 2002) (citing *United State v. Weber*, 923 F.2d 1338 (9th Cir. 1991).

6

Interestingly, though *John* did rely on *Zimmerman* in deciding that the warrant in *John* was defective, the *John* court noted that *at a minimum*, some factual recitation of the correlation between child molestation and child pornography must be shown. The *John* affidavit did not even include the boilerplate language. In holding that the affidavit was deficient because of the absence of *any* statement that child molesters are also child pornography possessors, the Third Circuit did not hold that *any* statement would have sufficed. Indeed, its prior binding decision in *Zimmerman* demonstrates that generalizations that have no link to the defendant are not sufficient to authorize the issuance of a search warrant.

In this case, the *only* mention of child pornography is in the boilerplate oft-used paragraphs of the search warrant application. Over-and-over, the courts have been confronted with such general language. Yet, the affiant cites no studies, or empirical data, or even any research that supports the contention that molesters possess child pornography. It is, as noted above, simple *ipse dixit*: there is a correlation between child molestation and possession of child pornography, because: "I say so."

Then-Judge Sotomayor's Second Circuit decision in *United States v. Falso*, 544 F.3d 110 (2d Cir. 2008), provides more precedent for the conclusion advocated by the defense in this case. The defendant in *Falso* was also the target of a search

7

warrant that sought child pornography. The affiant in that case relied on the information that Falso was apparently a subscriber to a child pornography website *and* he had a prior conviction for sexual abuse.

The district court had held that defendant's prior conviction provided a solid, probable cause basis for searching for child pornography. The court reasoned that people who collect child pornography are likely to be child molesters. Judge Sotomayor, however, rejected this analysis:

> It is an inferential fallacy of ancient standing to conclude that, because members of group A" (those who collect child pornography) "are likely to be members of group B" (those attracted to children), "then group B is entirely, or even largely composed of, members of group A." *See Martin,* 426 F.3d at 82 (Pooler, J., dissenting) (pointing out the fallacy in a different context). Although offenses relating to child pornography and sexual abuse of minors both involve the exploitation of children, that does not compel, or even suggest, the correlation drawn by the district court. Perhaps it is true that all or most people who are attracted to minors collect child pornography. But that association is nowhere stated or supported in the affidavit.
>
> * * *
>
> Nor is the district court's reasoning saved by the affidavit's general statement, relied upon by the government at oral argument, that "computers are utilized by individuals who exploit children (which includes collectors of child pornography) to ... locate, view, download, collect and organize images of child pornography found through the internet." There simply is nothing in this statement indicating that it is more (or less) likely that Falso's computer might contain images of child pornography. That is, the affidavit's sweeping representation that computers are used by those who exploit children to, *inter alia,* view and download child pornography, would be equally true if 1% or 100% of those who exploit children used computers to do those things.

*United States v. Falso*, 544 F.3d 110, 122 (2d Cir. 2008) (footnotes omitted).

That is precisely the vice that renders the affidavit in this case defective. The only information known to the magistrate was the affiant's sweeping, unsupported assertion (contained in paragraphs 6(a) – (e)) that molesters are likely to be child pornography possessors. The affiant cites no reliable evidence in support of this assertion. There is no suggestion that "most" or "the majority" or what percentage of molesters in fact possess child pornography. The only assertion is that:

> "I have learned that individuals that express a sexual interest in minor children: (a) receive sexual gratification, . . . viewing sexually suggestive poses; (b) collect sexually explicit or suggestive materials . . .; (c) maintain collections on home computers."

The affiant does not state child pornography is *likely* to be found on the computer of a child molester. He does not state that it is probable, or that it is 50 – 50. And, as noted above, he does not cite any reliable information, other than "his training" and "experience."

Echoing the decision in *Falso*, the Ninth Circuit, just last month, also decided that an affiant who merely opines, based on his training and experience, that child molesters are likely to have child pornography in their possession, has not provided sufficient information to obtain a search warrant. *Dougherty v. City*

of Covina, --- F.3d ---, 2011 WL 3583404 (9th Cir., August 16, 2011) (holding in civil rights lawsuit that officer violated defendant's civil rights in executing search warrant based on this type of search warrant, though also finding qualified immunity barring any award of damages).

The Sixth Circuit has reached the same conclusion. The Sixth Circuit's decision in *United States v. Hodson*, 543 F.3d 286 (6th Cir. 2008), can be summarized by quoting its opening lines:

> In this appeal, which arises from the district court's denial of a criminal defendant's motion to suppress evidence seized pursuant to a warrant, we must decide whether a suspect's ostensibly admitting to having engaged in child molestation is sufficient, without more, to establish probable cause to search that suspect's home for child pornography. Because we conclude that it is not, we REVERSE the district court's denial of the suppression motion

*United States v. Hodson*, 543 F.3d 286, 286 (6th Cir. 2008). As in the other cases noted in this brief, the facts were sufficient to show that that the defendant was engaged in acts of child molestation. The police obtained a search warrant and convinced the magistrate to permit the police to search the defendant's computer for child pornography. The Sixth Circuit, joining the Third and Second Circuits, held that the fact that a defendant is shown to have violated child molestation laws does not provide an adequate basis, without more, to obtain a search warrant to search for child pornography. As in this case, the defendant's criminal conduct involved the use of a computer (soliciting a young male to join him for a sexual encounter). Concluding that proof of one crime does not *ipso facto* provide a basis

for searching for evidence of another crime, the Sixth Circuit also held that the good faith exception to the exclusionary rule did not apply. *Id*. at 292-293.

Earlier this year, the Fourth Circuit reached the identical result in *United States v. Doyle*, 650 F.3d 460 (4th Cir. 2011). In *Doyle*, the facts were considerably more dramatic than the facts in this case, or *Falso*, *Zimmerman* and *Hodson*. In *Doyle,* two young boys said that the defendant molested them *in the defendant's house* and that while in the house, the defendant showed the boys pornography. The Fourth Circuit had no problem concluding that the mere fact that the defendant was a child molester was not a sufficient basis to search for child pornography. The Fourth Circuit went on to conclude that even with the suggestion that the defendant did have pornography in his possession, the warrant was insufficient, because it was not sufficiently established that the images shown to the boys were, in fact, illegal child pornography. The Fourth Circuit held that the warrant was so deficient that *Leon* did not apply and the evidence derived from the search was suppressed.

The precedents in the Second, Third, Fourth, Sixth and Ninth Circuits could not be more clear. Evidence that a suspect has committed (or is about to commit) a crime involving sexual abuse of a minor does not, even when coupled with an expert's boilerplate non-case-specific opinion about the proclivities of child

molesters, authorize the issuance of a search warrant for child pornography. Those holdings should be applied in this case.

2. <u>The Method By Which the Government Conducted the Search Violated Defendant's Fourth Amendment Rights</u>

As set forth in Defendant's initial motion, the defense also questions the method by which the computers were searched in this case. The search warrant application sought permission to search the entire computer. Obviously, if the court agrees with defendant's position in this brief that there was no probable cause to search the computers for child pornography, and that only the emails were the proper subject of the search, an evidentiary hearing would be necessary to determine whether any exception to the search warrant requirement is necessary.

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in the initial Motion to Suppress, Defendant Carl Skow urges the court to grant his motion to suppress all videos and images – everything other than emails – that were derived from the search of his computers.

> Respectfully submitted,
>
> s/ *Jana Lauren Harris*
> _____
> JANA LAUREN HARRIS
> Georgia Bar No. 330275
> Attorney for Defendant

GARLAND, SAMUEL & LOEB, P.C.
3151 Maple Drive, N.E.
Atlanta, GA  30305
Phone: 404-262-2225
Fax:  404-365-5041
jlh@gsllaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case Number 1:11-CR-373-CAP-ECS |
| CARL SKOW | ) ) | |
| Defendant. | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date served the within and foregoing **Supplemental Motion To Suppress** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

This the 30th day of September, 2011.

s/ *Jana Lauren Harris*
_____
JANA LAUREN HARRIS
Georgia Bar No. 330275
Attorney for Defendant

GARLAND, SAMUEL & LOEB, P.C.
3151 Maple Drive, N.E.
Atlanta, GA  30305
Phone: 404-262-2225
Fax:  404-365-5041
jlh@gsllaw.com