IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
UNITED STATES OF AMERICA        :  CRIMINAL ACTION
                                :
              v.                :  No. 1:11-CR-373-CAP-ECS
                                :
CARL SKOW                       :
```

**REPORT AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE**

**I.**

**Introduction**

The above-captioned case is presently before the Court on the Defendant's motion to suppress evidence, as supplemented. [Doc. 22, 29]. By order of December 28, 2011, the Court set the matter down for hearing under Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674 (1978), to address: (1) whether any material misrepresentations or omissions were intentionally or recklessly made as would invalidate the search warrant dated July 6, 2011, for computer storage media and other items located in Defendant's residence, and (2) whether any evidence seized pursuant to the search warrant should be suppressed. [Doc. 39]. After several continuances of the evidentiary hearing, the matter was heard on May 24, 2012, and the transcript of the hearing was filed June 8, 2012. [Doc. 49]. Thereafter the parties filed briefs and the matter is now ready for issuance of a report and recommendation.

## II.

## Issues and Contentions

Agent Tad G. Schlatre presented a search warrant application to Judge Linda T. Walker on July 6, 2011, seeking a warrant to search Defendant's residence at 502 Olde Mill Lane in Norcross, Georgia, to include a search of computer storage media and other items specified in the application. See Application and Affidavit, Gov't Ex. 1 [Doc. 31-2]. The warrant application recited that it was seeking evidence of the violation of 18 U.S.C. § 2422(b), which makes it a crime to persuade, induce, entice, or coerce a minor to engage in prostitution or any other criminal sexual activity, or attempt to do so. Id. Judge Walker signed the warrant, which was executed by law enforcement at Defendant's residence at about the same time that Defendant was being arrested at the Atlanta Airport when he showed up for a meeting with an undercover agent.

Defendant argues that the search warrant affidavit omitted certain material information and made misrepresentations that render the application lacking in probable cause. Def's Brief at 3 [Doc. 53]. Specifically, Defendant argues that there was insufficient probable cause to believe that there was a computer at the house at all, or, if there was probable cause to believe there was a computer, that there was insufficient probable cause to believe there was any evidence or contraband on it. Id. Defendant further

2

argues that, even if there was probable cause to search for evidence of a violation of  18 U.S.C. § 2422(b) related to child prostitution or sex trafficking, there was no probable cause to search for child pornography, and the government has failed to sustain its burden of showing that seizure of the pornography was justified under the inevitable discovery or plain view doctrines. Id. at 21.

The government responds in its fifty page brief,[1] that the warrant application was supported by probable cause to believe that Defendant had a computer in his home and that there was evidence on it of both child prostitution and child pornography. Gov't Brief at 18 [Doc. 55].   The government submits that no information was omitted or misrepresented that would vitiate the probable cause to seize and search the computer that was found at Defendant's house. Id. at 19.   The government argues that any information allegedly omitted or misrepresented, if it had been disclosed, or set aside, as the case might be, would not have changed the magistrate judge's finding of probable cause. Id. at 20.  Furthermore, the government argues that the good faith exception to the exclusionary rule

---

[1]   The government made no motion for permission to double the number of pages allowed under the local rules for a response brief and thus the Court would be justified in striking all or at least the last 25 pages of the government's brief. See LCrR 12.1(B); LR 7.1(D).  Nevertheless, the Court will consider the brief in this case, but with the caveat that the undersigned will definitely not be so accommodating should this happen again.

announced in <u>United States v. Leon</u>, 468 U.S. 897, 104 S. Ct. 3405 (1984), would in any event apply to validate the search. Gov't Brief at 40 [Doc. 55].  Finally, the government submits that, even if the scope of the warrant did not include searching for child pornography, seizure of the child pornography was inevitable in conjunction with the search of the computer for evidence of the child prostitution offense, or, alternatively, under the "plain view" doctrine. <u>Id.</u> at 43, 45 n.6.

**III.**

**<u>Applicable Law</u>**

A. <u>Probable Cause</u>

Under the Fourth Amendment "no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV.  "Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." <u>United States v. Brundidge</u>, 170 F.3d 1350, 1352 (11th Cir. 1999). "[T]he [warrant] affidavit must contain sufficient information to conclude that a fair probability existed that seizable evidence would be found in the place sought to be searched." <u>United States v. Martin</u>, 297 F.3d 1308, 1314 (11th Cir. 2002) (internal quotation marks and citation omitted).

4

Furthermore, as the Supreme Court has reiterated, the "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." <u>Payton v. New York</u> 445 U.S. 573, 585-86, 100 S. Ct. 1371, 1379-80 (1980). In that regard, the affidavit in support of a search warrant for a residence also must "establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." <u>Martin</u>, 297 F.3d at 1314.

In <u>Illinois v. Gates</u>, 462 U.S. 213, 232, 103 S. Ct. 2317, 2329 (1983), the Supreme Court explained that probable cause is "a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules."

In determining whether probable cause exists:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there exists a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for . . . concluding that probable cause existed.

<u>Id.</u> at 238-39, 103 S. Ct. at 2332 (brackets and internal quotation marks omitted) (citing <u>Jones v. United States</u>, 362 U.S. 257, 271, 80

S. Ct. 725, 736 (1960), <u>overruled on other grounds by</u> <u>United States</u>
<u>v. Salvucci</u>, 448 U.S. 83, 85, 100 S. Ct. 2547, 2549 (1980).

    B.   <u>Scope of the Warrant</u>

    "General warrants, allowing a general, exploratory rummaging in
a person's belongings, are prohibited by the requirement of a
particular description of the things to be seized." <u>United States v.</u>
<u>Haimowitz</u>, 706 F.2d 1549, 1558 (11th Cir. 1983) (citations and
internal quotations omitted).  Accordingly, the police generally
must not exceed the terms of the authorizing warrant when conducting
a search.  "The requirement that warrants shall particularly
describe the things to be seized makes general searches under them
impossible and prevents the seizure of one thing under a warrant
describing another." <u>Marron v. United States</u>, 275 U.S. 192, 196, 48
S. Ct. 74, 76 (1927).  Evidence seized in excess of the scope of a
search warrant may be suppressed. <u>United States v. Foster</u>, 100 F.3d
846, 849-52 (10th Cir. 1996); <u>United States v. Fuccillo</u>, 808 F.2d
173, 177-78 (1st Cir. 1987); <u>United States v. Coleman</u>, 805 F.2d 474,
483 (3d Cir. 1986).

    C. <u>The Plain View Doctrine</u>

    Under the plain view doctrine, "an essential predicate to any
valid warrantless seizure of incriminating evidence [is] that the
officer did not violate the Fourth Amendment in arriving at the
place from which the evidence could be plainly viewed." <u>Horton v.</u>

6

<u>California</u>, 496 U.S. 128, 136, 110 S. Ct. 2301, 2308 (1990).  Law
enforcement may also lawfully seize evidence in plain view when
executing a search warrant.  <u>United States v. Smith</u>, 459 F.3d 1276,
1290 (11th Cir. 2006).  Two essential conditions that must be met
under the doctrine are that the item be in plain view, and that its
incriminating character must also be "immediately apparent." <u>Horton</u>,
496 U.S. at 136, 110 S. Ct. at 2308; <u>see also</u> <u>Smith</u>, 459 F.3d at
1292 (finding incriminating nature of sexually explicit pictures of
young girls to be immediately apparent); <u>United States v. Hromada</u>,
49 F.3d 685, 690 n.11 (11th Cir. 1995).

> D. <u>The Good Faith Exception</u>

In <u>United States v. Leon</u>, 468 U.S. 897, 922, 104 S. Ct. 3405,
3420 (1984), the Supreme Court held that evidence need not be
suppressed when police obtain the evidence through objective, good
faith reliance on an initially valid warrant that is later found to
lack probable cause.  "The 'good faith inquiry is confined to the
objectively ascertainable question whether a reasonably trained
officer would have known that the search was illegal despite the
magistrate's authorization.  In making this determination, all of
the circumstances . . . may be considered.'" <u>United States v.
Taxacher</u>, 902 F.2d 867, 871 (11th Cir. 1990) (quoting <u>Leon</u>, 468 U.S.
at 922 n.23, 104 S. Ct. at 3420 n.23).  Such circumstances may
include evidence "beyond the four corners of the affidavit." <u>United</u>

7

States v. Robinson, 336 F.3d 1293, 1297 (11th Cir. 2003); Martin, 297 F.3d at 1318-19.  The good faith exception does not, however, extend to cases where the police have no reasonable grounds for believing that the warrant was properly issued.  Robinson, 336 F.3d at 1296; Martin, 297 F.3d at 1313.

The Supreme Court in Leon identified four situations in which reliance by the police on a warrant would not be objectively reasonable:

> (1)  when the judge issues the warrant on a deliberately or recklessly false affidavit;
>
> (2)  when the judge wholly abandons his judicial role;
>
> (3)  when a warrant is issued on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or
>
> (4)  when the warrant is so facially deficient that an officer could not reasonably presume it to be valid.

Leon, 468 U.S. at 922-23, 104 S. Ct. at 3420; Taxacher, 902 F.2d at 871.

E.  Franks v. Delaware

In Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674 (1978), the Supreme Court addressed the first exception to the application of the good faith doctrine of Leon -- whether a defendant has the right to challenge the truthfulness of factual statements made in an affidavit in support of a search warrant.  The Court in Franks made it clear that affidavits supporting search warrants are

8

presumptively valid. 438 U.S. at 171, 98 S. Ct. at 2684.  But, where the defendant makes a substantial preliminary showing that an affiant knowingly and intentionally included a false statement in an affidavit, or made the false statement with reckless disregard for its truth, *and the false statement was necessary to a finding of probable cause*, then the Fourth Amendment requires that a hearing be held at the defendant's request. Id. at 164-65, 171-72, 98 S. Ct. at 2681, 2684.   In the event that perjury or reckless disregard is established at the hearing, and with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to support a finding of probable cause, then the warrant must be voided and the fruits excluded. Id. at 156, 98 S. Ct. at 2676. Negligent or innocent mistakes, however, do not violate the Fourth Amendment. Id. at 170, 98 S. Ct. at 2683; Madiwale v. Savaiko, 117 F.3d 1321, 1326-27 (11th Cir. 1997).

    The Eleventh Circuit has also held that the reasoning in Franks applies to information omitted from a warrant affidavit. Madiwale, 117 F.3d at 1326.  "Thus, a warrant affidavit violates the Fourth Amendment when it contains omissions 'made intentionally or with a reckless disregard for the accuracy of the affidavit.'" Id. at 1326-27 (quoting United States v. Martin, 615 F.2d 318, 329 (5th Cir. 1980)).  Furthermore, "[o]missions that are not reckless, but are instead negligent, or insignificant and immaterial, will not

invalidate a warrant." Id. at 1327 (citation omitted); see also United States v. Sims, 845 F.2d 1564, 1571 (11th Cir. 1988) ("Insignificant and immaterial misrepresentations or omissions will not invalidate a warrant." (quoting United States v. Ofshe, 817 F.2d 1508, 1513 (11th Cir. 1987))).

F. Inevitable Discovery

Under the inevitable discovery exception to the exclusionary rule, if the prosecution can establish by a preponderance of the evidence that the information ultimately would have been recovered by lawful means, the evidence will be admissible. United States v. Virden, 488 F.3d 1317, 1322 (11th Cir. 2007) (citing Nix v. Williams, 467 U.S. 431, 434, 104 S. Ct. 2501, 2509 (1984)). However, the mere assertion by law enforcement that the information would have been inevitably discovered is not enough. United States v. Brookins, 614 F.2d 1037, 1048 (5th Cir. 1980).[2] The prosecution must also show that "the lawful means which made discovery inevitable were being *actively pursued* prior to the occurrence of

_____

[2] Decisions of the Fifth Circuit rendered on or before September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

10

the illegal conduct." <u>Virden</u>, 488 F.3d at 1322 (quoting <u>Jefferson v. Fountain</u>, 382 F.3d 1286, 1296 (11th Cir. 2004)).

## IV.

### The Law Applied

A. <u>Probable Cause</u>

At the outset, the undersigned can quickly conclude that the warrant affidavit was sufficient to establish probable cause for the search of the residence, and any computer therein, for evidence of the violation of 18 U.S.C. § 2422 (b), attempted child prostitution.

First, the facts set forth in the affidavit are sufficient to show probable cause to believe that Defendant committed the offense of attempted child prostitution.  The affidavit describes in detail how Special Agent David Westall, acting undercover, responded to an online advertisement from a "Sweet, cute, kind 30s white guy looking for one younger girl." Affidavit ¶ 7, Gov't Ex. 1 [Doc. 31-2].  The description of the e-mail dialogue that followed reveals discussions between the undercover agent and Defendant aimed at agreeing on the purchase by Defendant of a 15-year-old girl from Guatemala with whom he intended to live and have sex.  The affidavit describes e-mails and face-to-face meetings that included discussions of price, a partial payment, his intention to have sex with her, birth control, and other preparations for her arrival.  Finally, the affidavit describes Defendant's agreement to meet on July 6, 2011, at Atlanta

11

Airport for delivery of the minor Guatemalan girl to Defendant in exchange for the final payment.

The affidavit also contains sufficient facts to link the residence to be searched with the probability of evidence of child prostitution being found there.  The address to be searched was established to be Defendant's residence.  There were facts showing that Defendant was making preparations for the arrival of the victim; that the victim would be residing at the residence; that Defendant intended to acquire a bicycle and a computer program for teaching the victim English; and that these acquisitions had been discussed between Defendant and the undercover agent.  There was also evidence that the undercover agent had sent Defendant photographs of young women over the internet for his approval.  All of these facts in the affidavit were sufficient to authorize the officers to search the residence and any computer found at the residence for evidence of child prostitution.

Defendant argues that there was no probable cause to believe that there was a computer at Defendant's residence. Def's Brief at 3 [Doc. 53].  Although the undersigned concludes that there was probable cause to believe that there was a computer at the residence, this issue is something of a red herring.  The real issue for determining the validity of the warrant is whether there was probable cause to search Defendant's residence for evidence of child

prostitution and/or child pornography, and whether such a search would include any computers found therein.  The issue is not whether there was probable cause to believe there was a computer at the house, or any other particular box, drawer, cabinet or receptacle in which evidence might be contained, assuming there has been a showing of probable cause to search the residence.  But I will address the issue raised by Defendant anyway.

Defendant points to the fact that the identifying information on the e-mails at issue indicate that most of the e-mails came from an iPhone, not a computer, even those that were traceable to the internet service account at Defendant's home IP address. Id.  Others could not be verified as associated with Defendant's home IP address, or were associated with a different internet service provider account, or were unascertainable.  The government contends that a number of the e-mails were associated with an internet service account registered to Defendant at the subject residence address and that this information was in the affidavit. Gov't Brief at 20 [Doc. 55].  Furthermore, the government points out that, in general, an iPhone requires a stand-alone computer for its activation and for updating, further increasing the likelihood that Defendant must have had a computer at his home. Id. at 21.

With regard to whether the affidavit set forth probable cause to believe that Defendant had a computer at his residence, it seems

13

clear that it did.  Defendant had an internet account linked to his residence address that provided internet service at his residence. To say that Defendant did not probably have a computer at home connected to his internet service account contradicts common sense and experience.  This is particularly so where the evidence shows that Defendant used and maintained an iPhone through his home IP address, and that iPhones are usually activated from a home computer and are usually updated and synched through a home computer connection.

Whether the warrant affidavit sufficiently made a case for probable cause to believe that child pornography would be found on the computer is the critical issue in this case, not whether there was probable cause to believe there was a computer at the residence. Defendant cites a number of cases from other circuits standing for the proposition that merely showing that the Defendant is sexually attracted to minor children is insufficient to establish probable cause to believe that the Defendant collects, or is in possession of, child pornography at his residence or on his computer. See Dougherty v. Covina, No. 09-56395, 2011 WL 3583404, at *3-5 (9th Cir. 2011); Virgin Islands v. John, 654 F.3d 412, 418-19 (3d Cir. 2011); United States v. Doyle, 650 F.3d 460, 472 (4th Cir. 2011); United States v. Falso, 544 F.2d 110, 122 (2d Cir. 2008); United

14

States v. Hodson, 543 F.3d 286, 293 (6th Cir. 2008); United States v. Zimmerman, 277 F.3d 426, 433 (3d Cir. 2002).

The government's lengthy response counters by citing to United States v. Kapordelis, 569 F.3d 1291 (11th Cir. 2009), in which the Eleventh Circuit affirmed denial of a motion to suppress evidence obtained from a search of Defendant's residence computer, concluding, among other things, that there was a sufficient connection shown between the evidence of Defendant's travels and his sexual activities with younger boys and the possibility that evidence of sex tourism and child pornography would be found in Defendant's home to support a search warrant. Id. at 1310-12. The government also points to the agent's statements in the affidavit in this case that, "based upon my investigation, training and experience, . . . individuals that express a sexual interest in minor children" collect hard-core and soft-core pornography in a variety of media and often maintain their collection at his or her home for extended periods of time, rarely disposing of it. See Affidavit, ¶ 6. The government gamely attempts to distinguish the cases cited by Defendant, but not very convincingly, and cites to one case as contrary authority, United States v. Colbert, 605 F.3d 573, 578 (8th Cir. 2010) ("There is an intuitive relationship between acts such as child molestation or enticement and possession of child pornography.").

15

The evidence in support of the child prostitution charge was largely derived from e-mail dialogue between the agent and Defendant, face-to-face meetings, and telephone calls.  While there was discussion of preparations that Defendant was making in anticipation of the arrival of the 15-year-old girl from Guatemala, there was no mention or discussion of child pornography.  There was also no evidence within or outside the affidavit suggesting that Defendant possessed or collected child pornography.  The agent in fact admitted at the hearing that they were not looking for child pornography and had no indication there was any child pornography. "We were just looking for e-mails, we were looking for any evidence to corroborate the sexual solicitation of a minor." [T. 53].[3]

The sole evidence relied upon as justification for searching for and seizing child pornography was stated in Paragraph 6 of the affidavit summarized above.  No empirical data was cited for the proposition that this defendant, because he allegedly has a sexual interest in 15-year-old girls, would, more probably than not, have a collection of child pornography on his computer, other than the

---

[3]  After this candid admission was made, government counsel went back with the agent and cued him to reiterate that, in fact, they were "looking for child pornography[;] that people [with] a sexual interest in children have child pornography" – harking back to his statement in the affidavit that "[i]t has been our experience that people with a sexual interest in children typically possess child pornography." [T. 53].

investigation, training and experience of the affiant and law enforcement officers.  This unsupported boilerplate statement by the agent that, in the experience of law enforcement, persons who have a certain sexual attraction often collect and maintain pornography in their homes is not enough, in my view, to establish probable cause to search Defendant's home for child pornography in this case. The undersigned therefore concludes, as did the courts in the cases cited by Defendant, that, when based solely upon this "inferential fallacy," probable cause for a warrant to search Defendant's home computer for child pornography is lacking. See Falso, 544 F.3d at 122.

   B. Scope of the Warrant

   Defendant argues that the scope of the warrant was exceeded because there was no probable cause for a search of the computer for child pornography. Def's Brief at 9 [Doc. 53].   While the undersigned agrees that there was no probable cause to search the computer for child pornography, the undersigned has concluded above that there was probable cause for the agents to search for evidence of child prostitution on Defendant's computer and to search anywhere in the residence where such evidence might be found.  This would include a complete search of the computer for evidence of the child prostitution crime.  Defendant's argument is too restrictive in suggesting that the government could only look for downloaded e-

17

mails on the computer, as there was also evidence of preparations by the Defendant for the girl's arrival, to include purchase of a bicycle and a language learning computer program, as well as receipt and retention of photographs that had been sent to Defendant in an email by the agent.   Evidence of such preparations, purchases, arrangements, and photographs would be fair game in a search of the residence and would expand the scope of where the officers could look within any computer for such evidence.

   C. Plain View Doctrine and Inevitable Discovery.

   Given my conclusion that the officers, in executing their search under the search warrant for evidence of child prostitution, would have been legally permitted to search Defendant's computer, then any child pornography discovered in plain view during this search could be seizable under the "plain view" doctrine.   With a valid warrant to search for evidence of child prostitution, the officers likely would not, in searching the computer, have violated the Fourth Amendment in arriving at the place where the child pornography could be plainly viewed. So the first condition for application of the plain view doctrine would likely be met.

   As for the second condition of the plain view doctrine, Defendant argues that the government failed to adduce testimony at the hearing that the incriminating character of the child porn seized would have been immediately apparent. Def's Brief at 20-21

18

[Doc. 53].  Defendant is correct that no testimony was elicited at the hearing regarding the actual conduct of the search and how the child pornography was discovered and seized.  But the primary purpose of the hearing was to inquire into whether there was a Franks violation, not application of the plain view doctrine.  As there now appears to be an issue regarding how the alleged child pornography was discovered, and whether it would have been in plain view, the undersigned **RECOMMENDS** that the government be allowed to re-open the evidence to show the manner in which the search was conducted and how the images were identified and seized.  The Court will then be able to determine whether the seizure of the alleged child pornography was valid under the plain view doctrine.

As for inevitable discovery, this doctrine does not seem, strictly speaking, to apply to this case.  Apart from the warrant challenged herein, there is no evidence that the government was pursuing evidence of child pornography by any other lawful means.  On the other hand, to the extent that a valid warrant to search for evidence of a different crime led to the discovery, any such evidence could be considered admissible under the plain view doctrine, as discussed above.  The undersigned has also found that the good faith exception to the exclusionary rule applies in this case.  In light of these findings, I conclude that the inevitable discovery doctrine is not applicable here.

D. Good Faith under Leon and Franks

Defendant's arguments under Leon and Franks relate to alleged omissions and misrepresentations in the search warrant that Defendant submits would vitiate probable cause if added in or set aside, respectively.[4]   Specifically, Defendant contends that the affidavit omitted evidence regarding the source of the incriminating e-mails by failing to state that every e-mail for which a source could be identified was from an iPhone, including every e-mail containing Defendant's home IP address. Def's Brief at 3 [Doc. 53]. Defendant's arguments regarding omissions from the affidavit thus go most directly to Defendant's contention that there was no probable cause to believe that Defendant had a computer at his house. Id. But, as has been discussed above, the undersigned concludes that there was ample evidence presented in the affidavit, even with the allegedly omitted material included, from which the magistrate judge could conclude that Defendant probably had a computer at his home.

The undersigned's conclusion that there was probably a computer at his home is based upon the fact that Defendant had an internet service account registered at his residence address, coupled with

---

[4] Although Defendant argued that there were misrepresentations as well as omissions, the primary thrust of his argument relates to omission, and in the argument under Part A Defendant does not clearly state what any particular intentional misrepresentation by the agent might be.

20

the fact that he  was using an iPhone from which emails were sent containing Defendant's home IP address.   As noted above, the determination of probable cause by a magistrate judge is a practical common sense decision that there is a fair probability that contraband or evidence of a crime will be found in a particular place.   Regardless of whether or not the agent affirmatively highlighted in the affidavit the fact that every email with an apparent source was from an iPhone, use of Defendant's home computer could not be excluded as to some of the other incriminating emails, and there was a sufficient practical common sense basis for the magistrate to conclude that there probably was a computer at Defendant's residence.   Indeed, Defendant confounds the issue of whether there was probable cause to *search* any computer that might be found in the home with whether there *was* a computer there – the former issue being the determinative issue, particularly as it relates to probable cause to search for child pornography.

In any event, including in the affidavit the fact that eight of the sixteen substantive emails between the undercover agent and the Defendant appeared to come from an iPhone, in my opinion, would have made no difference to the magistrate judge in reaching her conclusion that there was probable cause to search the residence and any computers found therein for evidence of child prostitution.   It is worthwhile noting again that "the duty of a reviewing court is

21

simply to ensure that the magistrate had a substantial basis for
. . . concluding that probable cause existed." <u>Gates</u>, 462 U.S. at
238-39, 103 S. Ct. at 2332 (brackets and internal quotation marks
omitted).

There is also an issue under <u>Leon</u> and <u>Franks</u> as to whether,
given this Court's conclusion that the affidavit failed to set forth
probable cause for a search for child pornography, the officers
could reasonably presume the warrant to be valid. <u>Leon</u>, 406 U.S. at
929.  I conclude that the officers could rely on the warrant in good
faith, even though I conclude that probable cause was lacking for a
search for child pornography.  At least three courts cited in the
briefs have found sufficient probable cause for a warrant under
somewhat similar circumstances.  <u>See</u> <u>Colbert</u>, 605 F.3d at 578;
<u>Kapordelis</u>, 569 F.3d at 1311 n.17; <u>United States v. Lebowitz</u>, 647 F.
Supp. 2d 1336, 1352-54 (N.D. Ga. 2009).  And there is no evidentiary
basis for concluding that the affiant's statement – that child
molesters often collect pornography – was not made in good faith,
based on his experience and that of law enforcement.  Under these
circumstances, the undersigned cannot conclude that the officers'
reliance on the warrant signed by Magistrate Judge Walker was not
objectively reasonable.  <u>Leon</u> thus applies to except the warrant
from the exclusionary rule, even though the statement of probable
cause may have been lacking.

22

**V.**

**Conclusion**

As has been discussed above at length, the undersigned has carefully reviewed the affidavit tendered to the magistrate judge in this case in support of the search warrant for Defendant's residence and concludes that it set forth probable cause to search both the residence and any computer therein for evidence of the violation of 18 U.S.C. § 2422(b), attempted child prostitution. The undersigned also concludes that the warrant validly authorized the agents to make a comprehensive search of the computer in searching for such evidence.

The Court further finds that the warrant did not set forth a sufficient basis for probable cause to search for evidence of child pornography, but that, given the scope of the search that was validly authorized under the warrant, any evidence of child pornography would likely have become apparent during the search, thus justifying its seizure under the plain view doctrine. Given that the evidence relating to the plain view doctrine was not fully developed at the hearing, the undersigned **RECOMMENDS** that the government be allowed to re-convene the evidentiary hearing for the purpose of presenting evidence on this issue.

23

Finally, the undersigned finds no basis, under <u>Franks</u>, for not applying the good faith exception to the exclusionary rule set forth in <u>Leon</u>, even in the face of a deficient showing of probable cause. In sum, the undersigned **RECOMMENDS** that the motion to suppress be **DENIED**, or, in the alternative, that the cause be **REMANDED** to the undersigned to conduct a further hearing on the applicability of the plain view doctrine.

It appearing that there are no further pretrial or discovery matters to bring before the undersigned, it is therefore **ORDERED** that this case be and is hereby **CERTIFIED** as ready for trial.

**SO REPORTED AND RECOMMENDED**, this 13th day of September, 2012.

_s/ E. Clayton Scofield_
E. Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE

24