UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CARL SKOW,<br><br>　　　　Movant,<br><br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | CRIMINAL ACTION NO.<br>1:11-CR-0373-CAP<br><br>CIVIL ACTION NO.<br>1:15-CV-714-CAP |

### O R D E R

This action is before the court on the magistrate judge's report and recommendation ("R&R") [Doc. No. 135]. The movant has filed objections thereto [Doc. No. 138].

On July 7, 2011, the movant was charged by criminal complaint with violating 18 U.S.C. § 2422(b) by "using a means of interstate commerce, to wit, a computer, [to] knowingly attempt to persuade, induce or coerce a [minor] to engage in . . . sexual activity" that is punishable as child molestation under O.C.G.A. § 16-6-4 [Doc. No. 1]. After a search of the movant's home computer turned up evidence of additional crimes, the government obtained a three-count indictment charging him in Count One

with violating 18 U.S.C. § 1591(a) & (b)(2) and § 1594(a) (attempting to obtain a minor to engage in a commercial sex act), in Count Two with violating 18 U.S.C. § 2422(b) (enticement of a minor), and in Count Three with violating 18 U.S.C. § 2252(a)(4)(B) (possession of child pornography) [Doc. No. 12].

Through retained counsel, the movant filed a motion to suppress the evidence found in the search of his home computer.  After two evidentiary hearings, the motion to suppress, as amended and supplemented, was denied [Doc. Nos. 85 (Final Report and Recommendation) and 89 (Order)].  One week before the scheduled start of trial, the movant pleaded guilty to Count Two of the indictment [Doc. Nos. 104-1 (Plea Agreement) and 113 (Judgment and Commitment)].  Counts One and Three were dropped.  *See id.*

On March 9, 2015, the movant filed a motion to vacate pursuant to 28 U.S.C. § 2255 in which he contends, "Counsel rendered constitutionally deficient representation [sic] with regard to litigating a meritorious Fourth Amendment suppression issue.  But for this ineffective assistance, the guilty plea, along with its appellate waiver, would never have been accepted and Skow would have proceeded to trial on all counts."  The magistrate judge recommended denial of the movant's § 2255 motion to vacate.  Importantly, the magistrate judge set forth the plea colloquy between the movant and the

court.  In that colloquy, the movant admitted that he was in fact guilty [Doc. No. 128 at 15-16].  The magistrate judge went on to correctly cite legal authority for the proposition that where a defendant's counsel's alleged "failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that the Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." [Doc. No. 135 at 7 (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986))].  The magistrate judge concluded that because the movant conceded that the government already possessed all the evidence necessary to convict him of Count 2, the outcome of the motion to suppress hearing would not have related to the single count to which he pled guilty.

   In his objection to the R&R, the movant argues that the magistrate judge's recommendation that his ineffective assistance of counsel claim be denied because the movant failed to demonstrate actual prejudice is incorrect.  According to the movant, the magistrate judge created an improper burden on the movant by requiring him to show that he would have been acquitted had he proceeded to trial.  The movant argues that to

3

establish prejudice he must show only that he would have insisted on going to trial rather than entering a guilty plea.

"Ineffective assistance of counsel claims are governed by the standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984)." *Green v. Nelson*, 595 F.3d 1245, 1249 (11th Cir. 2010). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*, 466 U.S. at 687). To establish deficiency, a petitioner must show that "counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688).

The two-part *Strickland* standard applies to challenges to the validity of guilty pleas based on claims of ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). When a petitioner's conviction is based on a guilty plea, in order to show prejudice, he must show that there is a reasonable probability that, but for counsel's mistakes, he would not have pleaded guilty and would have insisted on going to trial. *Id.* at 59; *Esslinger v. Davis*, 44 F.3d 1515, 1528 (11th Cir. 1995).

Notably, however, the movant does not challenge the voluntariness of his plea. Rather, he contends that because defense counsel was ineffective,

the suppression issues were decided unfavorably to him, and as a result, he decided to plead guilty to Count Two. This is not a claim he can raise in this post conviction motion. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not [competent]"); *Keye v. Perry*, 2015 WL 3902330 at * 3 (S.D. Ga. June 24, 2015), adopted, 2015 WL 5116830 (S.D. Ga. Aug. 28, 2015) ("A knowing and voluntary guilty plea waives all non-jurisdictional, pre-plea defects, including ineffective assistance of counsel with respect to issues not implicating the voluntariness of the plea.") (citing *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992)). Claims that trial counsel gave ineffective assistance in regard to a Fourth Amendment suppression issue are among those challenges waived by a knowing and voluntary guilty plea. *United States v. Winslow*, Case No. 8:07–cv–683–T–23EAJ, 2007 WL 2302277 at *2 (M.D. Fla. Aug. 8, 2007); *Lipscomb v. Sec'y, Dep't of Corr.*, Case No. 8:06–cv–58–T–17EAJ, 2008 WL 434881 at *3–4 (M.D. Fla. Feb.14, 2008). Such is the case even where a § 2255 petitioner

claims that counsel's misadvice on a Fourth Amendment issue somehow rendered his guilty plea unknowing so long as the record of the plea colloquy reflects that the defendant entered the plea knowingly and voluntarily. *See Fisher v. United States*, Civil Action No. 09–00815–KD–N, 2012 WL 6680315 at *6–9 (S.D. Ala. Dec. 3, 2012) (where review of the plea colloquy reveals that the trial court completely advised the defendant of the consequences of pleading guilty, his rights, the nature of the charges, and the factual basis, the defendant will still be deemed to have knowingly and voluntarily pled guilty, and thus to have waived claims of pre-plea ineffective assistance of counsel with respect to a suppression issue).

Accordingly, the magistrate judge properly recommended that the motion to vacate be denied. Therefore, the R&R is ADOPTED.

SO ORDERED, this 16th day of June, 2016.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL JR.
United States District Judge